UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARETHA L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00320 ERW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [doc. #25], pursuant to 28 U.S.C. § 636(b).

**I.  PROCEDURAL BACKGROUND**

Plaintiff Laretha L. Harris ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the decision of Defendant Michael Astrue, Commissioner of Social Security ("the Commissioner"), finding that she is not "disabled" and denying her applications for disability insurance benefits and supplemental security income.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1), and in her Report and Recommendation, Magistrate Judge Medler concluded that there was substantial evidence supporting the Commissioner's finding that Plaintiff was not disabled, and therefore recommended that Plaintiff's claim be dismissed.  *See, e.g.*, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (role of the reviewing court with respect to administrative adjudications by the Commissioner of Social Security is to determine whether the Commissioner's decision was supported by "substantial evidence").

Plaintiff filed timely Objections [doc. #26] to the Report and Recommendation. "[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting § 636(b)(1)). The Court therefore conducts a de novo review of the matters raised in Plaintiff's Objections.

## II. DISCUSSION

In her Objections to the Report and Recommendation, Plaintiff essentially renews her three arguments in favor of reversing the Administrate Law Judge's ("ALJ") decision on her benefits claims, arguing that (A) the ALJ failed to give proper weight to the conclusions of Dr. Spearman, Plaintiff's treating physician, in determining her residual functional capacity ("RFC"); (B) the ALJ relied on findings inconsistent with those elsewhere in his decision in finding that there are a significant number of jobs in the national and local economies that Plaintiff could perform; and (C) the ALJ's assessment of Plaintiff's RFC failed to include certain limitations caused by Plaintiff's impairments and supported by the medical evidence.

The Court's review of the Commissioner's decision is limited to determining whether the decision was supported by "substantial evidence in the record as a whole." *Krogmeier*, 294 F.3d at 1022. In assessing the record as a whole, courts "consider evidence that detracts from the decision, as well as evidence that supports it." *Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* Thus, so long as there is substantial evidence supporting the decision, the reviewing court may not reverse even if there is also substantial evidence that would support a contrary outcome. *Id.*; *see also Bland v. Bowen*,

2

861 F.2d 533, 535 (8th Cir. 1988) ("The concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Comissioner] may decide to grant or deny benefits without being subject to reversal on appeal.").

In determining whether an applicant is "disabled" for purposes of the Social Security Act, the Commissioner applies a five-step sequential analysis: (1) the ALJ determines if the claimant is engaged in substantial gainful activity, and if so, the claimant is not disabled; (2) the ALJ determines whether the claimant has a severe medical impairment that has lasted, or can be expected to last, at least 12 months; (3) if so, the ALJ then assesses the severity of the impairment, specifically whether it meets or equals, in terms of severity, certain impairments listed in the regulations; (4) if the claimant has met the preceding severity requirement, the ALJ assesses the claimant's residual functional capacity ("RFC") and decides whether she has the RFC to perform past relevant work; and (5) if the claimant cannot perform past relevant work, in this last step the ALJ considers whether the claimant has the RFC to perform other jobs in the economy – if not, she is disabled. *See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); § 404.929(a)(4) (supplemental security income); *see also, e.g.*, *Kluesner v. Astrue*, 607 F.3d 533, 536-37 (8th Cir. 2010) (describing the five-step process). Plaintiff's Objections concern the last two steps of this analysis.

### A. Failure to Credit Dr. Spearman's Assessment of Plaintiff's RFC

In conjunction with the hearing on her claims, Plaintiff presented medical evidence concerning her RFC from Dr. Spearman, her treating physician, indicating that Plaintiff was not able to sit for more than 15 minutes at a time or for more than two to four hours of an eight-hour work day, that Plaintiff was capable of only occasional balancing, stooping, pushing, or pulling,

and that Plaintiff should avoid all climbing, crouching, or crawling.  Based on these findings, in combination with other medical evidence, the ALJ concluded that Plaintiff lacked the RFC to perform past relevant work, which in Plaintiff's case included jobs as a fast food cashier, as a commercial office cleaner, as a child care aid, and as a slot host in a casino.  A vocational expert testified that Plaintiff would be unemployable if she possessed the RFC indicated by Dr. Spearman's limitations.

The ALJ, however, declined to credit Dr. Spearman's restrictions with respect to Plaintiff's ability to sit, climb, kneel, crouch, or crawl, finding that they were not supported by the medical evidence.  Specifically, the ALJ noted, among other things, that (1) X-rays of Plaintiff's back, neck, knees, and upper extremities only showed mild to minimal osteoarthritic and degenerative changes; (2) Plaintiff acknowledged at the hearing that she had no real restrictions on her ability to sit; (3) Plaintiff never sought regular medical treatment for her alleged conditions although there was no evidence of inability to pay for such treatment, from which the ALJ inferred a lack of medical need; and (4) Plaintiff did not display the medical signs typically associated with chronic, severe musculoskeletal pain.  Further, the ALJ referred to a consultative physical examination of Plaintiff conducted by a Dr. Finch, reporting that Plaintiff had a limited range of motion in her upper left extremity and might have some difficulty performing jobs requiring overhead lifting, but that the only necessary limitations would be on lifting or carrying more than 50 pounds, and "possibly" on prolonged or frequent standing or walking.  In light of the evidence presented, the ALJ concluded that Dr. Finch's assessment was "much more credible and consistent with the actual medical findings."  As a result, and giving Plaintiff "a benefit of the doubt in restricting her to no prolonged or frequent standing or walking," the ALJ determined that Plaintiff possessed the RFC for "at least sedentary work,"

4

with the following limitations: "prolonged or frequent standing or walking; lifting or carrying objects weighing more than 10 pounds; climbing of ropes, ladders, or scaffolds; doing more than occasional climbing of ramps and stairs or balancing, stooping, kneeling, crouching, or crawling; or having concentrated or excessive exposure to unprotected heights or dangerous moving machinery."

The Court concludes that there was substantial evidence underlying the ALJ's decision to find Plaintiff capable of performing sedentary work with the above limitations, again recognizing that the presence of some medical evidence supporting Plaintiff's position does not entitle the Court to reverse the ALJ's determination. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010). The regulations provide that a treating physician's opinion on the nature and severity of a claimant's impairment is entitled to "controlling weight" so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 1527(d)(2) (disability insurance benefits); § 927(d)(2) (supplemental security income). The ALJ recognized this general rule and referenced in his decision a substantial amount of medical evidence in the record that was inconsistent with Dr. Spearman's assessment, including X-rays and reports from other treating physicians indicating only mild conditions, Dr. Spearman's acknowledgment that Plaintiff could lift and carry more than she alleged, Plaintiff's own statements at the hearing that she was not restricted in sitting, and the report from Dr. Finch's examination.

Furthermore, Dr. Spearman's opinions concerning these limitations were offered primarily in the context of a form checklist concerning Plaintiff's condition. The Eighth Circuit has recognized that "a treating physician's opinion deserves no greater respect than any other physician's opinion when it consists of nothing more than vague, conclusory statements." *See*

5

*Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (internal alterations, quotations, and citation omitted).  Indeed, in that case, the Eighth Circuit concluded that the ALJ had properly discounted a treating physician's opinion that, much like Dr. Spearman's opinion in this case, consisted of several checklist forms, cited no medical evidence, and provided "little to no elaboration." *Id.*; *see also Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) ("[T]he checklist format, generality, and incompleteness of the [RFC] assessments limit their evidentiary value.").  Notably, Dr. Finch's report, in contrast with Dr. Spearman's, contains a substantial amount of medical analysis supporting her conflicting assessment of Plaintiff's limitations, and it also notes that Plaintiff "demonstrated significant symptom magnification during the exam" and "had no difficulty ambulating around the office."  *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) ("[W]e have upheld an ALJ's decision to discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence . . . .") (internal quotations and citation omitted).

Thus, the Court agrees that there was substantial evidence supporting the ALJ's decision not to credit the RFC opinion of Dr. Spearman, Plaintiff's treating physician, that she was only capable of sitting 15 minutes at a time and not more than two-four hours of an eight-hour work day, with no ability to climb, crouch, or crawl.  As discussed above, and in even greater detail in the Report and Recommendation, there was a substantial amount of medical evidence in the record that was inconsistent with Dr. Spearman's recommended limitations, including the report of Dr. Finch, who also conducted a personal examination of Plaintiff.  Additionally, the ALJ was entitled to discount Dr. Spearman's opinion, notwithstanding his status as her treating physician, on grounds that it was offered in a largely conclusory fashion, without citation to the medical record or elaboration as to its underpinnings.

B.     **Alleged Inconsistencies in the ALJ's RFC Determination**

Plaintiff next asserts that the ALJ's decision should be reversed because his RFC determination was inconsistent with other factual findings in the decision. Specifically, Plaintiff contends that the ALJ's statement that Plaintiff has the RFC "for a wide range of at least sedentary work" is inconsistent with his finding that Plaintiff's RFC "for the full range of at least sedentary work is reduced by" certain specific limitations set forth in the decision, and with his finding that these limitations "do not allow the performance of the full range of at least sedentary work."

In short, there is no inconsistency in these statements. The ALJ's decision clearly sets forth his conclusion that although Plaintiff lacked the RFC for the "full range" of sedentary work,[1] she did possess the RFC for a "wide range of at least sedentary work," based on the specific limitations discussed above, including no prolonged or frequent standing or walking, no lifting or carrying objects weighing more than 10 pounds, and no more than occasional climbing of ramps or stairs or stooping, kneeling, crouching, or crawling. A "wide range" of sedentary work contemplates something less than the "full range" of such work, and the ALJ's express limitations clarify what that difference is. The vocational expert who testified at Plaintiff's hearing opined that there were approximately 3,300 sedentary unskilled jobs in the St. Louis metropolitan area that Plaintiff could perform with these limitations, from which the ALJ properly concluded at step five of his disability analysis that there were a significant number of jobs in the national and local economies that a person of Plaintiff's RFC could perform, and that she was accordingly not "disabled." *See* 20 C.F.R. § 404.1520(a)(4)(v); § 404.929(a)(4)(v).

---

[1] "Sedentary work" is defined in 20 C.F.R. § 416.967(a) and § 416.1567(a). Generally speaking, it refers to work that involves minimal lifting and only occasional walking or standing.

7

Furthermore, as Magistrate Judge Medler noted, such an inconsistency in the ALJ's opinion would not require reversal unless the Court also concluded that the ALJ's ultimate conclusions were not supported by substantial evidence, which is not the case here. *See Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999).

As such, the Court rejects Plaintiff's contention that the ALJ's decision must be reversed because his RFC determination contained internally inconsistent statements.

### C. Failure to Include Certain Exertional and Nonexertional Limitations in Plaintiff's RFC

Lastly, Plaintiff asserts that the ALJ's RFC determination was in error because it failed to include certain limitations suggested by Dr. Spearman and supported by the medical evidence – maximum occasional lifting of 15 pounds, maximum of two hours walking per day and no more than 15 to 30 minutes without interruption, maximum of two to four hours sitting per day and no more than 15 minutes without interruption, and his suggestion that Plaintiff could not perform a normal work day on sustained basis without being permitted to lie down at some point during the day.

This argument is indistinguishable from Plaintiff's argument that the ALJ should have adopted Dr. Spearman's assessment of Plaintiff's RFC. As discussed above in Section II.A, there was substantial evidence supporting the ALJ's decision to disregard certain portions of Dr. Spearman's opinion, because it contained certain limitations that were inconsistent with the medical evidence and was largely conclusory in nature. To the extent the ALJ rejected Dr. Spearman's opinion – it bears mentioning that the ALJ did adopt a significant portion of Dr. Spearman's recommended limitations – the ALJ clearly and thoroughly set forth his reasons for doing so. In sum, the ALJ's assessment of Plaintiff's RFC was supported by substantial

evidence, and the Court therefore declines to reverse his decision not to adopt Dr. Spearman's recommended limitations in their entirety.

## III. CONCLUSION

The Court has reviewed the record as a whole and finds that there is substantial evidence supporting the ALJ's decision to deny Plaintiff's claims for disability insurance benefits and supplement security income. In assessing Plaintiff's RFC, the ALJ was entitled to disregard the opinion of her treating physician, Dr. Spearman, to the extent that Dr. Spearman's opinion was conclusory and contained limitations that were inconsistent with the medical evidence. Additionally, the Court rejects Plaintiff's argument that there were any factual or logical inconsistencies in the ALJ's RFC analysis that would require reversal of his decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner denying Plaintiff's claims for disability insurance benefits and supplemental security income is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [doc. #1] is **DISMISSED, with prejudice**.

Dated this 16th Day of March, 2011.

                                                                          _E. Richard Webber_
                                                                          E. RICHARD WEBBER
                                                                          SENIOR UNITED STATES DISTRICT JUDGE